**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GREG L.,**

                    **Plaintiff,**            5:18-cv-1339
                                                           (GLS)
          v.

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Law Offices of Steven R. Dolson<br>126 North Salina Street, Suite 3B<br>Syracuse, NY 13202 | STEVEN R. DOLSON, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. GRANT C. JAQUITH<br>United States Attorney<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, NY 12207-2924 | ARIELLA R. ZOLTAN<br>Special Assistant U.S. Attorney |
| Ellen E. Sovern<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Greg L. challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Greg's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

## II. Background

On January 20, 2015, Greg filed an application for DIB under the Social Security Act (hereinafter "the Act"), alleging disability since May 22, 2012. (Tr.[1] at 85, 238-41.) After his application was denied, (*id.* at 107-12), Greg requested a hearing before an Administrative Law Judge (ALJ), which was held on March 13, 2017 and continued on August 24, 2017, (*id.* at 45-71, 72-84, 113-14). On September 14, 2017, an ALJ issued an unfavorable decision, denying the requested benefits. (*Id.* at 17-37.) That determination became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 7.)

6).

Greg commenced the present action by filing his complaint on November 15, 2018 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed a certified copy of the administrative transcript, (Dkt. No. 7), and each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 8, 10.)

### III. Contentions

Greg contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 8 at 5-14.) More specifically, Greg argues that the ALJ committed error "by failing to include a limitation regarding movement of the head and neck in the residual functional capacity [RFC] finding." (*Id.*) The Commissioner counters that the appropriate legal standards were used and the ALJ's findings are supported by substantial evidence. (Dkt. No. 10 at 4-11.)

### IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt. No. 8 at 1-2; Dkt. No. 10 at 1.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

On the face of his brief, Greg makes one argument: that the ALJ failed to include limitations for his head and neck in the RFC finding at step four; that argument is, however, multi-faceted. (Dkt. No. 8 at 5-14.) In sum and substance, Greg contends that his own testimony demonstrates the above-mentioned limitations[2] and same is supported by substantial evidence of record, specifically the opinions of Drs. Elke Lorensen, Richard Byrne, and William Ferraraccio. (*Id.* at 5-8.) Greg claims that the ALJ failed to account for the opinions of the aforementioned physicians to the extent they opined on limitations in his head and neck, which seems to amount to a disagreement about the weight accorded to those opinions by

---

[2] The court does not perceive an argument about the ALJ's credibility finding and, therefore, does not specifically address that issue, although, as always, the court has carefully reviewed the entirety of the ALJ's decision.

4

the ALJ.  (*Id.* at 8-9.)  With respect to Dr. Ferraraccio, Greg appears to assert that he is a treating physician and that the ALJ failed to apply the treating physician rule or explain why the rule was inapplicable.  (*Id.* at 9-10.)  Summing up his attack on the RFC, Greg relies on *Hopkins v. Commissioner of Social Security*, No. 6:13-CV-1082, 2015 WL 4508630, at *5-6 (N.D.N.Y. July 23, 2015), to claim that "[t]he [ALJ]'s failure to discuss or include a limitation on movement of the head and neck in the [RFC] finding prevents meaningful review and calls into question whether the decision is based [o]n substantial evidence."  (Dkt. No. 8 at 12.)  Flowing from the claimed error in the RFC finding, Greg argues that the hypothetical question posed to a vocational expert (VE) did not include any limitation for his head and neck, which renders the step five determination legally erroneous and without support by substantial evidence.  (*Id.* at 10-12.)  Finally, Greg argues that the error at step five was not harmless.  (*Id.* at 12-14.)  These arguments are addressed, in turn, below.

**A.**     **Step Four**

Most of Greg's arguments are directed at the ALJ's step four determination of Greg's RFC.  The court treats theses assertions as primarily attacking the weight accorded to the opinions of record.

5

A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[3] in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

The ALJ found that Greg could "perform sedentary work . . . except [he] can lift overhead with bilateral upper extremities only occasionally[,] . . . can [only] occasionally use ramps and stairs, . . . cannot use ladders, ropes, and scaffolds[,] . . . can balance and stoop continuously[,] . . . can kneel, crouch, and crawl frequently[, and] . . . should avoid unprotected heights." (Tr. at 24.) In support of this conclusion, the ALJ considered the medical opinions of record and Greg's subjective complaints. (*Id.* at 24-29.)

Medical opinions, regardless of the source, are evaluated by

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Id.* § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. § 404.1527(c). The ALJ must provide "'good reasons' for the weight given to the treating source's opinion." *Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) (citations omitted). "Nevertheless, where the evidence of record permits [the court] to glean the rationale of an ALJ's decision," it is not necessary that the ALJ "have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Id*. (internal quotation marks and citations omitted).

7

Beginning with Greg's claim that Dr. Ferraraccio is a treating physician and his opinion is deserving of controlling weight, (Dkt. No. 8 at 8-10), it is not apparent that a treatment relationship existed.  As Greg notes, Dr. Ferraraccio "examined [him] five times," (*id.* at 8), but by Dr. Ferraraccio's own account he performed "an independent orthopedic evaluation" for worker's compensation purposes.  (Tr. at 595, 607, 612, 617, 623.)  In any case, although the ALJ did not specifically address the treating physician rule, the rationale for affording Dr. Ferraraccio's opinion "partial weight" is readily ascertainable.  (*Id.* at 27.)  To begin with, the ALJ notes that Dr. Ferraraccio's opinion is not entirely consistent with the record, which, by itself, excuses the necessity to give controlling weight pursuant to the likely inapplicable treating physician rule.  *See Halloran*, 362 F.3d at 32.  The ALJ's comments in discussing Dr. Ferraraccio's opinions, (Tr. at 27), reflect the proper application of the legal standard for weighing opinions and are supported by substantial evidence as discussed below.

As for Greg's reliance on the opinions of Drs. Lorensen and Byrne to bootstrap the restrictive opinions regarding head and neck limitations of Dr. Ferraraccio, "whether there is substantial evidence supporting [Greg]'s

8

view is not the question here; rather, [the court] must decide whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013); see *Duncan v. Astrue*, 782 F. Supp. 2d 9, 13 (D. Conn. 2011) ("[T]he standard of review is whether the record contains substantial evidence supporting the ALJ's conclusions."). As noted by the ALJ, there is ample evidence in the record to support the degree of limitation found, and the RFC accounted for those limitations in lifting, as opined by Drs. Stephen Robinson and Dorothy Leong. (Tr. at 27, 574, 578, 586, 594, 814, 831-41.)

Lastly, Greg's argument regarding *Hopkins*, (Dkt. No. 8 at 11-12, 14), is misplaced. The ALJ in *Hopkins* failed to discuss "neck and head" limitations during the RFC analysis despite having "found at step two that [the] Plaintiff had the severe impairment involving her cervical spine," which caused the court to conclude that the ALJ's "failure to discuss evidence that conflicts with [his] finding prevents meaningful review." 2015 WL 4508630, at *5-6. Here, unlike *Hopkins*, the ALJ specifically discussed the opinions of Drs. Ferraraccio, Lorensen, and Byrne regarding Greg's limitations in head and neck movement. (Tr. at 26-27.) As briefly mentioned above, those opinions were weighed consistent with the

9

regulations, and rejected to the extent that they opined limitations in Greg's ability to move his head and neck consistent with the ability to perform sedentary work. (*Id.*)

**B.  <u>Step Five</u>**

Having resolved Greg's arguments about the ALJ's RFC finding adversely to him, *see supra* Part VI.A, his argument about the hypothetical question posed to the VE is obviously flawed.  Indeed, Greg admits that the VE's testimony reflects the impact of his ability to "'frequently flex, extend, and rotate his cervical spine.'"  (Dkt. No. 8 at 12 (quoting Tr. at 65).)  As such, the VE's testimony about the availability of jobs in the national economy that Greg could perform, (Tr. at 67), accurately reflected Greg's RFC and served as substantial evidence for the ALJ's determination that Greg was not disabled.  *See Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 114 (2d Cir. 2010) ("Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the [VE] that was based on that assessment." (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983)); *Mancuso v. Astrue*, 361 F. App'x 176, 179 (2d Cir. 2010) ("The Commissioner may rely on a [VE]'s testimony concerning the availability of

jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence." (citing *Dumas*, 712 F.2d at 1553-54)).

## C. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision, as it is supported by substantial evidence and free from legal error.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Greg's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 23, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge